UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| YANNIAH SCALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  3:18-cv-00049 |
| | ) |
| BOTTLING GROUP, LLC, d/b/a | ) |
| PEPSI BEVERAGES COMPANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Yanniah Scales ("Scales"), by counsel, against Bottling Group, LLC, d/b/a Pepsi Beverages Company, ("Defendant") for violating his rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et. seq., by discriminating against him due to his race and for retaliating against him for engaging in protected activity complaints about race discrimination.

**II.  PARTIES**

2. At all times relevant to this action, Scales resided within the Southern District of Indiana.

3. Defendant is a corporation which maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana.

**III.  JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000e-5(f)(3).

5. The Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Scales was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7. Scales exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission. Scales received his Notice of Suit Rights for the Charge of Discrimination and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

9. Scales, a male African-American individual, was hired by the Defendant on or about August 14, 2014 and at the time of his termination from employment he held the position of Forklift Operator at the Defendant's facility located at 11733 W. Industrial Park Drive, Elberfeld, Indiana, 47613.

10. During all relevant time periods, Scales believes he met or exceeded the Defendant's legitimate and reasonable performance expectations.

11. In late 2016, Scales believes he was singled out from his similarly-situated Caucasian co-workers when he was called into a meeting with the facility Plant Manager to discuss whether Scales would be permitted to drive his fully legal personal vehicle to the facility.

12. In early 2017, Scales began to be harassed at work by co-workers and supervisors for the Defendant due to his race and on or about March 21, 2017, Scales was blamed by other co-workers for a specific accident which occurred at the facility concerning the forklifts. Scales denied any involvement in the accident and the Defendant ultimately agreed he was not at fault.

13. Due to the discriminatory treatment subjected to by his co-workers due to his race, Scales complained to his supervisor Brian Dimmett ("Dimmett") that he was being harassed and singled out due to his race and that his similarly-situated Caucasian co-workers were regularly treated better than him in their employment. Scales believes Dimmett took no action in response to his protected activity complaints.

14. Then on March 22, 2017, Scales called the Defendant's "SpeakUp Line," where Defendant employees are encouraged to report any concerns, complaints, or issues and spoke to a representative with the Defendant for approximately fifteen (15) minutes about the discriminatory and harassing treatment he was being subjected to at the Defendant's Elberfeld facility due to his race.

15. Shortly after Scales reported the discriminatory treatment to Dimmett and the Defendant's SpeakUp Line, Dimmett began to follow Scales around the facility and constantly searched for Scales while he was on his permitted breaks to question him about whether it was his proper break time and how long he had been on break.

16. Scales states that he never saw Dimmett ever question any similarly-situated Caucasian employee for the Defendant about their break times or search and follow them around the facility during their break times as he did to Scales.

17. Scales states that he complained further to other management officials about his co-workers and then Dimmett's discriminatory and harassing treatment regularly shown towards him and at no point during his employment was he ever contacted to follow up about his complaints or provided any assistance.

18. On or about May 2, 2017, Scales complained to the Plant Manager that his similarly-situated Caucasian employees were smoking marijuana in the parking lot before their

work shifts and during their breaks, however Scales never saw Dimmett or any other management official question any of those individuals during their break times as Scales was.

19. On or about May 23, 2017, Scales was once again approached and confronted by Dimmett while Scales was in his personal vehicle during his break time. Scales complained to Dimmett again that he was harassing him and singling him out when compared to the similarly-situated Caucasian employees and a verbal altercation ensued.

20. Scales was ultimately terminated on May 23, 2017 for alleged "improper conduct/workplace violence" on that date.

21. Scales states that Defendant failed to follow its own cumulative discipline policy as Scales was not on any final stage of discipline. Scales states that he personally witnessed similarly-situated Caucasian employees James Beasley, Daniel Kasinger, Drake Schloemer and Austin Hutchinson for the Defendant exhibit even more egregious behavior than Scales exhibited on that date and were not ultimately terminated for their behavior.

22. Scales states he actually witnessed Hutchinson scream and threaten physical violence against Dimmett and not be terminated. Scales believes the Defendant singled him out during his employment and disparately applied discipline with a discriminatory motive.

23. Scales believes he was replaced and his Forklift Operator duties were assumed by a Caucasian employee of the Defendant immediately following his termination from employment.

## V. LEGAL ALLEGATIONS

### COUNT I—VIOLATION OF TITLE VII--RACE DISCRMINATION

24. Scales hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

25. Scales was subjected to less favorable terms and conditions in his employment and terminated because of his race.

26. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

27. Defendant's conduct was deliberate, willful and in reckless disregard for Scales' civil rights.

28. Scales has suffered damages as a result of Defendant's unlawful conduct.

## COUNT II—VIOLATION OF TITLE VII—RETALIATION

29. Scales hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. Scales engaged in protected activity when he made multiple complaints about discriminatory and disparate treatment to his supervisor, other members of Defendant's management and the Defendant's "SpeakUp Line."

31. The Defendant retaliated against Scales by continuing to single him out concerning his break times, discipline and ultimately terminating him from his employment.

32. The Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

33. The Defendant's actions were willful, intentional, and done with reckless disregard of Scales' civil rights.

34. Scales has suffered damages as a result of Defendant's unlawful conduct.

## VI.  **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Yanniah Scales, by counsel, respectfully requests this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for the Defendant's unlawful employment actions, or award him front pay;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff compensatory, consequential and punitive damages;

5 Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Yanniah Scales*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Yanniah Scales, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Yanniah Scales*